

**FILED & ENTERED**

JUN 17 2013

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** tatum    **DEPUTY CLERK**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| In re | Case No. 2:13-bk-14562-RK |
|---|---|
| JOHN NORDBLAD, | Chapter 7 |
| Debtor. | SEPARATE STATEMENT OF DECISION ON DEBTOR'S MOTIONS TO VACATE DISMISSAL AND REINSTATE CHAPTER 7 CASE |

Pending before the court are the motions of debtor John Nordblad to vacate the dismissal of his Chapter 7 bankruptcy case, filed on May 20, 2013 and June 13, 2013. For the reasons stated herein, the court concludes that the motions should be denied.

On February 22, 2013, debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code, 11 U.S.C. On March 6, 2013, a creditor, Deutsche Bank National Trust Co., as indenture trustee for New Century Home Equity Loan Trust 2004-2, filed a motion for relief from the automatic stay under 11 U.S.C. § 362(d) to proceed with its unlawful detainer action in state court as to certain real property

it purchased at a trustee's sale, in which debtor may claim an interest, which sale took place before the bankruptcy case was filed, indicating that the property was not an asset of the bankruptcy estate. *See also,* 11 U.S.C. § 541(a)(defining property of the bankruptcy estate as including all interests of the debtor in property as of the commencement of the bankruptcy case). The stay relief motion was noticed for hearing on April 4, 2013 before the Honorable Vincent P. Zurzolo, United States Bankruptcy Judge, who was then assigned to this case. After hearing, Judge Zurzolo granted the stay relief motion, which was unopposed. On April 11, 2013, the court entered an order granting stay relief to Deutsche Bank.

On March 26, 2013, on debtor's notice of conversion, the case was converted to one under Chapter 7 of the Bankruptcy Code. When the case was converted to Chapter 7, the case was reassigned to the undersigned United States Bankruptcy Judge since Judge Zurzolo does not hear Chapter 7 cases. Also, on March 26, 2013, the court issued a notice of meeting of creditors under 11 U.S.C. § 341(a) set for April 26, 2013 at 9:00 a.m., which was served on debtor as well as creditors. The notice of meeting of creditors stated that the debtor must be present at the meeting of creditors to be questioned under oath by the trustee and creditors. On May 6, 2013, the Chapter 7 trustee filed a notice of continued meeting of creditors under 11 U.S.C. § 341(a) set for May 15, 2013 because debtor failed to appear at the previously scheduled meeting of creditors on April 26, 2013. The trustee in the notice of continued meeting of creditors stated to the debtor that he failed to appear for the previously scheduled meeting of creditors and that his failure to appear at the continued meeting of creditors may result in the dismissal of the case by the court. On May 16, 2013, the Chapter 7 trustee filed a request for dismissal of the case on grounds that debtor also failed to appear at the continued meeting of creditors on May 15, 2013. On May 17, 2013, pursuant to the trustee's request, the court dismissed the case for debtor's failure to appear at the meeting of creditors.

On May 20, 2013, debtor filed his motion to vacate dismissal order and reinstate Chapter 7 case pursuant to Federal Rule of Bankruptcy Procedure 9023 and 11 U.S.C. § 105.  In his motion, debtor asserted that the dismissal of his bankruptcy case should be vacated and his case reinstated on grounds that he filed a case in the United States District Court for the Central District of California, which should be consolidated with his bankruptcy case.  Debtor attached a copy of a notice of removal of an unlawful detainer case pending in state court filed on April 16, 2013 in *Deutsche Bank National Trust Co., as indenture trustee for New Century Home Equity Loan Trust 2004-2 v. John R. Nordblad*, et al., No. CV 13-2647 MWF (RZx), United States District Court for the Central District of California. The proof of service for the motion indicates that the Chapter 13 trustee and the Office of the United States Trustee were purportedly served at 255 East Temple Street, Los Angeles, CA  90012, but no other parties were served.  The motion was not noticed for hearing as required by Local Bankruptcy Rule 9013-1, which generally requires that motions be noticed for hearing.

Because the court did not rule upon the motion, on June 13, 2013, debtor filed a second motion to vacate dismissal and reinstate his bankruptcy case, Debtor's Expedited Request Per Notice of Motion and Motion to Vacate Dismissal Order and Reinstate Debtor's Chapter 7 Case Pursuant to Federal Rule of Bankruptcy Procedure 9023 and 11 U.S.C. [§] 105.   The wording of the second motion is nearly identical to the first motion.  As with the first motion, the proof of service for the motion indicates that the Chapter 13 trustee and the Office of the United States Trustee were purportedly served at 255 East Temple Street, Los Angeles, CA  90012, but no other parties were served.  Like the first motion, the second motion was not noticed for hearing as required by Local Bankruptcy Rule 9013-1, which generally requires that motions be noticed for hearing.

The motions should be denied for several reasons.  First, the motions were not noticed for hearing as required by Local Bankruptcy Rule 9013-1.  Second, the

1  motions were not properly served on parties entitled to notice.  The requested
2  relief to vacate the dismissal of the bankruptcy case and to reinstate it affects the
3  rights of other parties, namely, the creditors, and other parties entitled to notice,
4  such as the Chapter 7 trustee and the United States Trustee.  Rules 2002, 9013,
5  9014, 9023 and 9024 of the Federal Rules of Bankruptcy Procedure; Local
6  Bankruptcy Rule 1017-2(d) and 9013-1.  None of the creditors and the Chapter 7
7  trustee were served by debtor because they were not listed on the proof of service
8  of the motions.  The Chapter 13 trustee and the United States Trustee were not
9  properly served at their correct addresses as reflected on the case docket.
10 However, the court notes that the case docket reflects that the Chapter 7 trustee,
11 the United States Trustee, some creditors, the ones who filed requests for special
12 notice, were served electronically with notice by the clerk of the court through the
13 Bankruptcy Noticing Center, but not all creditors listed on the creditor mailing
14 matrix were served.
15      Third, debtor has not demonstrated manifest error, newly discovered
16 evidence, or other grounds justifying relief from the court's order dismissing the
17 case under Rule 9023 of the Federal Rules of Bankruptcy Procedure and Local
18 Bankruptcy Rule 9013-4.  The case was dismissed at the Chapter 7 trustee's
19 request because debtor failed to appear twice at the meeting of creditors under 11
20 U.S.C. § 341(a), which he was required by 11 U.S.C. § 343 to attend and be
21 examined by the trustee and creditors.  See Local Bankruptcy Rule 1017-2(b).  In
22 his moving papers, debtor does not dispute that he failed to appear for the two
23 scheduled meetings of creditors, nor does he explain why he failed to appear.
24 Debtor's failure to appear at a meeting of creditors under 11 U.S.C. § 341(a)
25 constitutes proper grounds for dismissal of a Chapter 7 bankruptcy case.  Local
26 Bankruptcy Rule 1017-2(b); 11 U.S.C. § 105; *see also,* 11 U.S.C. §
27 707(a)(1)(unreasonable delay by the debtor that is prejudicial to creditors
28 constitutes cause for dismissal).  Debtor's maintenance of a lawsuit in the federal

district court based on removal of the unlawful detainer lawsuit from state court does not constitute an excuse of debtor's failure to appear for the meetings of creditors or does not otherwise warrant vacating the dismissal order and reinstating the bankruptcy case under Rule 9023 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 9013-4.  The unlawful detainer case is not related to the bankruptcy case because the trustee's sale took place before the bankruptcy case was filed, which indicates that the property was not an asset of the bankruptcy estate, and in recognition of this fact, the court had previously granted the purchaser from the automatic stay in this bankruptcy case to continue the unlawful detainer case in state court.

     A separate order denying the motions is being filed concurrently.

     IT IS SO ORDERED.

###

Date: June 17, 2013

_____
Robert Kwan
United States Bankruptcy Judge

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) SEPARATE STATEMENT OF DECISION ON DEBTOR'S MOTIONS TO VACATE DISMISSAL AND REINSTATE CHAPTER 7 CASE was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of **June 17, 2013**, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below:

- Nichole Glowin    nglowin@wrightlegal.net, bkgroup@wrightlegal.net
- Mehrdaud Jafarnia    bknotice@mccarthyholthus.com, mjafarnia@mccarthyholthus.com
- Sam S Leslie (TR)    sleslie@trusteeleslie.com, sleslie@ecf.epiqsystems.com;trustee@trusteeleslie.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

Debtor:
John Nordblad
39943 Meadocrest Way
Palmdale, CA 93551

**III. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below: